IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD COHAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 15 C 9018 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| REGENCY MIDWEST VENTURES LIMITED ) | |
| PARTNERSHIP, d/b/a ClubHouse Inn & Suites ) | |
| Westmont, ) | |
| ) | |
| Defendant. ) | |

## FINAL JUDGMENT AND ORDER FOR INJUNCTIVE RELIEF AND ATTORNEY FEES AND COSTS

This matter having come before the court on plaintiff's Motion for Final Default Judgment against defendant Regency Midwest Ventures Limited Partnership d/b/a ClubHouse Inn & Suites Westmont, defendant having been served with the complaint and the summons being returned executed, defendant failing to appear, answer, or otherwise defend this action, and this court being fully advised and having considered the record and all relevant evidence contained in plaintiff's Motion for Final Default Judgment, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. The court has jurisdiction over this matter.

2. The court finds that the premises owned, operated and/or controlled by defendant are in violation of the Americans with Disabilities Act, 42 U.S.C. § 12182. The court further finds that the evidence submitted by plaintiff establishes that plaintiff has no adequate remedy at law and is entitled to mandatory and proscriptive injunctive relief.

3. The court directs defendant to alter its premises to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA, and to:

a. provide sufficient disabled parking spaces based on the total parking spaces available, 2010 ADAAG § 208.1, whose resolution is readily achievable;

b. provide van disabled parking spaces, 2010 ADAAG § 502.6, whose resolution is readily achievable;

c. provide sign(s) for disabled parking, 2010 ADAAG § 502.6, whose resolution is readily achievable;

d. provide sign(s) for disabled parking that are not too low, 2010 ADAAG §502.6, whose resolution is readily achievable;

e. provide a means of entry for persons with disability such as pool lift chair, sloped entry, transfer wall or transfer platform, 2010 ADAAG §§ 242.1 and 1009, whose resolution is readily achievable;

f. provide disabled persons with a continuous path of travel connecting all essential elements of the facility, 2010 ADAAG §§ 4.3.1 and 4.3.2, whose resolution is readily achievable;

g. provide counter heights not exceeding 36 inches, making it possible to service the disabled, 2010 ADAAG § 7.2(1), whose resolution is readily achievable;

h. provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in conformity with 2010 ADAAG §§ 605 and 605.2, whose resolution is readily achievable;

i. provide proper signage for an accessible restroom or to redirect a person with a disability to the closest available accessible restroom facility in conformity with

    2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1, whose resolution is readily achievable.

4.   The court award reasonable attorney's fees and costs in the amount of seven thousand and ninety-four dollars ($7,094.00) to plaintiff's counsel to be paid by defendant.

**SO ORDERED**

**ENTER:**   **January 29, 2016**

_____
**Robert W. Gettleman
United States District Judge**